UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVIATION ADVISERS INT'L, INC.,

   Plaintiff,

v.                                                  CASE NO: 8:09-cv-588-T-23TGW

TRANSAMERICA INVESTMENT
GROUP, INC., et al.,

   Defendants.
_____/

## O R D E R

The plaintiff, Aviation Advisors International, Inc., sues Travis Hamilton for fraudulent misrepresentation and breach of fiduciary duty.[1] With leave of court, the plaintiff amended the complaint (Doc. 75). Pursuant to Rules 8, 9, and 12, Federal Rules of Civil Procedure, Hamilton moves (Doc. 82) "to dismiss the amended complaint for failure to allege causes of action and for lack of jurisdiction, to quash process and service of process, [or] for [a] more definite statement." The plaintiff responds (Doc. 86) in opposition.

To the extent Hamilton challenges personal jurisdiction, subject matter jurisdiction, process, and service of process, the motion (Doc. 82) is **DENIED** for the reasons stated in (1) the May 12, 2009, order (Doc. 29) denying Hamilton's initial motion to dismiss for lack of personal jurisdiction, (2) the May 29, 2009, order (Doc. 32)

---

[1] In the original complaint, the plaintiff also sued TransAmerica Investment Group, Inc. ("TIG"). The plaintiff settled with TIG, and an October 13, 2009, dismisses the plaintiff's claims TIG with prejudice.

denying Hamilton's motion for reconsideration of the May 12, 2009, order, and (3) the plaintiff's response (Doc. 86) in opposition to Hamilton's second motion to dismiss. To the extent Hamilton moves to dismiss Count I (the claim for fraudulent misrepresentation), the motion to dismiss is **DENIED**. Count I contains a short and plain statement of the claim and states with sufficient particularity the circumstances surrounding the allegedly fraudulent misrepresentations.

Regarding Count II (the claim for breach of fiduciary duty), the plaintiff conclusorily alleges that, "[a]t all relevant times, Hamilton acted as [the plaintiff's] agent for the purpose of negotiating with TIG for the purchase of the Aircraft." (Doc. 76, ¶ 38) Asserting mere legal conclusions, the amended complaint lacks any allegation of fact supporting the existence of an agency relationship between Hamilton and the plaintiff. Accordingly, to the extent Hamilton moves to dismiss Count II, the motion (Doc. 82) is **GRANTED**.

Finally, Hamilton moves (Doc. 85) "to withdraw case from mediation." For a second time, Hamilton's motion fails to comply with the mediation order, which states, "Before moving for an extension of the mediation deadline, the movant shall consult both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled." (Doc. 37 at 2) Nevertheless, Hamilton argues that "it is unreasonable to require attendance at mediation for a second time prior to: the joinder of all parties; the filing of all claims for affirmative relief; the filing of answer to the complaint; and a disposition of the pending motion to dismiss." The motion (Doc. 85) is **GRANTED IN PART** to the extent that the mediation deadline is extended to **May 28, 2010**.

## Conclusion

Hamilton's motion (Doc. 82) to dismiss is **GRANTED IN PART** to the extent that Count II is **DISMISSED** with leave to amend. Hamilton's motion to dismiss or for a more definite statement (Doc. 82) is otherwise **DENIED**. On or before **Friday, April 23, 2010**, the plaintiff shall amend the complaint. The deadline for joinder of additional parties is extended to **Friday, April 30, 2010**. Hamiton's motion (Doc. 85) "to withdraw case from mediation" is **GRANTED IN PART** to the extent that the mediation deadline is extended to **May 28, 2010**. On or before **Friday, April 23, 2010**, lead counsel shall file with the Clerk a notice of the agreed date and time of the re-scheduled mediation.

ORDERED in Tampa, Florida, on April 19, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE