UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AVIATION ADVISERS INT'L, INC.,

    Plaintiff,

v.                                           CASE NO: 8:09-cv-588-T-23TGW

TRANSAMERICA INVESTMENT
GROUP, INC., et al.,

    Defendants.
_____/

## **O R D E R**

The plaintiff, Aviation Advisors International, Inc., ("AAI") sues Travis Hamilton for fraudulent misrepresentation and breach of fiduciary duty.[1] Hamilton moves (Doc. 96) to dismiss the claim for breach of fiduciary duty, and AAI responds (Doc. 104) in opposition. Hamilton counterclaims (Doc. 97) for "fraud in the inducement"; violation of the Florida Deceptive and Unfair Trade Practices Act ("DUTPA"), Section 501.021 et seq.; and "promissory estoppel." AAI moves (Doc. 106) to dismiss the counterclaim for violation of DUTPA, and Hamilton responds (Doc. 114) in opposition. Additionally, AAI moves (Doc. 105) to strike all but the fifth of Hamilton's affirmative defenses, and Hamilton responds (Doc. 115) in opposition.

---

[1] In the original complaint, the plaintiff also sued TransAmerica Investment Group, Inc. ("Transamerica"). The plaintiff settled with Transamerica, and an October 13, 2009, order (Doc. 57) dismisses the plaintiff's claims against Transamerica with prejudice.

### Hamilton's Motion to Dismiss the Claim for Breach of Fiduciary Duty

"The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty and (2) the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002). An agent is a fiduciary with respect to any matter within the scope of the agency. Fisher v. Grady, 178 So. 852 (1937). The second amended complaint alleges that Hamilton and the plaintiff "had an express verbal understanding and agreement that Hamilton was to act as AAI's agent for the purpose of negotiating with TIG for the purchase of the Aircraft." (Doc. 91, ¶ 38)  The complaint alleges that AAI trusted Hamilton to act as AAI's agent during the negotiation and that Hamilton accepted the position of trust. AAI alleges that Hamilton breached his fiduciary duty to AAI by failing to disclose Transamerica's misrepresentation of both the refundability of AAI's deposit and Hamilton's relation with SkyCargo, a subsidiary of Transamerica. Accordingly, the complaint contains "a short and plain statement of the claim." Rule 8, Federal Rules of Civil Procedure. Hamilton's remaining arguments for dismissal are rejected for the reason's stated in AAI's response (Doc. 104) to the motion to dismiss, and Hamilton's motion to dismiss (Doc. 96) is **DENIED**.

### AAI's Motion to Dismiss and Motion to Strike

"To protect the consuming public and legitimate enterprises," Section 501.202, Florida Statutes, DUTPA proscribes "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 501.204, Florida Statutes. AAI argues for dismissal because

"Hamilton does not allege that he has suffered damages that are recoverable under" DUTPA. (Doc. 106 at 2)

The act allows "anyone aggrieved by a violation" to recover "actual damages," attorneys' fees, and costs. The counterclaim alleges that AAI "fabricated a bogus letter . . . purportedly written by the Director General of the Bulgarian Ministry of Transport stating that the Bulgarian government was committed to purchasing the planes that were being offered by AAI." (Doc. 97 at 9) Hamilton alleges that the falsified letter induced "Hamilton to expend time and incur costs in furtherance of the sale of the aircraft." (Doc. 97 at 9) Hamilton alleges that he "has sustained damages, which include, without limitation, unpaid commissions, out-of-pocket expenses, and uncompensated time devoted to the transaction." (Doc. 97 at 11) AAI's motion to dismiss (Doc. 106) is **DENIED**. Finally, AAI's motion (Doc. 105) to strike Hamilton's affirmative defenses is **DENIED** for the reasons stated in Hamilton's response (Doc. 115) in opposition.

## Conclusion

Hamilton's motion (Doc. 96) to dismiss is **DENIED**. AAI's motion to dismiss (Doc. 106) is **DENIED**. AAI's motion (Doc. 105) to strike Hamilton's affirmative defenses is **DENIED**.

ORDERED in Tampa, Florida, on June 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE